HELMERICH & PAYNE, INC.; Maguire Oil Company; Cary M. Maguire, Steven B. Kahn; Daniel B. Stuart; Cary M. Maguire, Trustee Under Trust Agreement Dated January 1, 1983, for the benefit of Cary McIllwaine Maguire, Jr.; Cary M. Maguire, Trustee Under Trust Agreement Dated January 1, 1983, for the benefit of Melinda Ambler Maguire; and Cary M. Maguire, Trustee Under Trust Agreement dated May 1, 1984, for the benefit of Ann Blaine Maguire, Plaintiffs,

and

ANR Production Company, Appellee,

v.

STATE of Oklahoma, ex rel., COMMISSIONERS OF THE LAND OFFICE, Appellants.

No. 84446.

Supreme Court of Oklahoma.

March 4, 1997.

William K. Elias, McKenzie, Moffett, Elias & Books, Oklahoma City, for Appellee.

Perry E. Kaufman, James T. Dupre, Commissioners of the Land Office of the State of Oklahoma, Oklahoma City, for Appellants.

SIMMS, Justice:

Is the State of Oklahoma *ex. rel.* Commissioners of the Land Office (CLO) entitled to additional royalty payments in a sum equal to its fractional share of the value of all gross production and excise taxes that were assessed against gas production and which were paid by the purchaser? We hold that the CLO is not entitled to additional royalty.

The material facts are not in dispute. The plaintiffs in the trial court (only one of the plaintiffs, ANR Production Company (ANR), is the appellee in this appeal) own five oil and gas leases issued by the CLO covering Section 10, Township 13 North, Range 24 West, Roger Mills County, Oklahoma. Four of the five leases have identical royalty clauses which provide:

> The lessee hereby agrees to deliver or cause to be delivered to the Commissioners of the Land Office of the State of Oklahoma, or their successors, without cost into the pipelines, a royalty of 1/8 part of the oil or gas produced from the leased premises and 1/8 part of all casinghead or drip gas or gasoline or other hydrocarbon substances produced from any well or wells on said premises, or in lieu thereof, pay to the lessor the market value thereof as the Commissioners may elect.

The fifth lease contains the same clause but provides for 1/6 royalty.

A well was drilled on the leased land and produced gas. ANR and the other lessees entered into gas purchase contracts. One article of the contracts provided for an initial price per Mcf and contained terms for calculating the price over the life of the contract. A separate article provided that the purchaser would reimburse the seller for certain taxes imposed on production and that the reimbursement applied to both the royalty and the working interest.

Under Oklahoma law, all gas production, except that belonging to the State of Oklahoma, is subject to gross production and excise taxes. Okla. Const. Art. 10 § 6, 68 O.S. §§ 1001 and 1102. Such taxes are required to be paid by the gas purchaser directly to the Oklahoma Tax Commission. The purchaser is authorized to deduct the amount of taxes paid from payments it makes to the producer or royalty owner. 68 O.S. § 1009(d). In the present case however, due to the provisions regarding tax reimbursements in the purchase contracts, the gas purchaser did not deduct the amount of taxes paid from the payments made to any working interest or royalty owner.

Thus, every owner in the well at issue received full payment attributable to that owner's interest at the gas purchase price. Every owner, except the CLO, received the added benefit however, of no deduction for taxes. The CLO did not receive that benefit because its interest is tax exempt. In terms of cash payment, every interest owner received the same—the full payment attributable to its working or royalty interest at the contract price.

The CLO demanded additional royalty payments from its lessees based on the amount paid by the purchaser for state taxes. The lessees denied that they owed any more royalties, and brought an action seeking a declaratory judgment to that effect. The parties all filed motions for summary judgment on this issue. The trial judge granted summary judgment in favor of the lessees. All parties, except ANR, settled. The CLO brought the present appeal and the Court of Civil Appeals affirmed the judgment of the trial court. We vacate the opinion of the

Court of Civil Appeals and affirm the judgment of the trial court.

The CLO claims that it is entitled to additional royalty because the tax payment is additional value for the gas paid by the purchaser and thus it is entitled to its fractional share, to be collected from the lessees, on the amount of the tax paid by the purchaser *attributable to the lessees' interest.* In support of this argument, the CLO cites several federal cases and cases from other states. The CLO argues that these cases are applicable because a CLO regulation, OAC 385:15–1–24 (formerly Rule 3–150) (incorporated into clause 12 of the leases at issue) defines the price for computing gas royalties as "value received under the sale contract" or "gross proceeds" received under the sale contract. CLO contends that its Rule 385:15–1–24 is similar to the federal regulations (now 30 C.F.R. §§ 206.101, 206.151) which also require payment of a royalty on the "gross proceeds" accruing to a lessee from the sale of gas.

Rule 385: 15–1–24 provides in pertinent part as follows:

> The price basis for computing gas royalties shall be the value received under the sale contract, or the gross proceeds that would have been received if the gas had been sold under the prevailing contracts in the field which remained at or near the date of the first production from the lease and covered the sale of like kind and quality gas, whichever is greater; ...

On the other hand, 30 C.F.R. §§ 206.101 and 206.151, expressly define "gross proceeds" as including tax reimbursements even though the federal royalty interest may be exempt from taxation.

On the other hand, ANR argues that in Oklahoma, the "market value" required to be paid to the CLO under its lease means market price. Thus, ANR contends, when the CLO received full market price for its share of the production, the royalty clause in the lease was satisfied. ANR states that if it paid royalty on the taxes attributable to its 7/8 interest, then it would receive less than its 7/8 interest and the CLO would receive more that its 1/8 interest, contrary to the lease provisions.

ANR also cites 64 O.S. § 294, which provides that if a person responsible for paying royalty to the CLO pays taxes *on said royalty,* the CLO "shall not recover from such person the taxes so paid." This statute is not applicable because it is undisputed that no taxes were paid on the CLO's royalty interest. See 68 O.S. Supp 1992 § 1008a.

We determine that the CLO is not entitled any additional royalty based upon the purchaser's tax payments because the royalty clauses in the leases, even as augmented by Rule 385:15–1–24, does not require it.

The term "market value," as used in the royalty clauses in the leases at issue, means the gas purchase contract price. *Wood v. TXO Production Corp.,* 854 P.2d 880, 882 (Okla.1992). In *TXO Production Corp. v. Commissioners of the Land Office,* 903 P.2d 259 (Okla.1994), we construed the same royalty clause as appears in the leases at issue in this case. The issue in *TXO Production Corp.* was whether the lessee may deduct certain post-production costs from the royalty payment. We held that such costs may not be deducted. We also determined, relying on *Wood, supra,* that "market value" as used in the CLO leases means contract price. The gas purchase contract price, as set forth in the contracts, was stated as a cash payment per Mcf of gas. That is the price upon which the CLO's royalty was calculated.

The existence of Rule 385:15–1–24 does not change this result. The rule is general and tries to be all encompassing, but cannot be stretched to include royalty on the purchaser's tax payments.

This conclusion is supported by the federal approach. As the CLO points out, several federal cases have held that royalties for oil and gas production on federal lands includes tax reimbursements. *Hoover & Bracken Energies v. United States Department of Interior,* 723 F.2d 1488 (10th Cir.1983), *Mesa Operating Limited Partnership v. United States Department of Interior,* 931 F.2d 318 (5th Cir.1991), and *Enron Oil and Gas Company v. Lujan,* 978 F.2d 212 (5th Cir.1992). These cases are distinguishable from the present case due to the significant difference between the Department of the Interior's

longstanding *published* interpretation of its royalty clauses, which *expressly states that tax reimbursements are included* (*Wheless Drilling Co.*, 13 IBLA 21, 80 I.D. 599(1973) and after 1987, 20 C.F.R. §§ 206.101 and 206.151), and CLO Rule 385: 15–1–24. In these federal cases, the courts relied on the agency's published interpretation of the relevant statutes and regulations.

The CLO did not point out any *published* interpretation of Rule 385:15–1–24 which expressly stated that royalties were to be paid on tax reimbursements. As the trial court correctly pointed out, internal minutes and memoranda of the CLO do not constitute Rules and Regulations of the CLO because they were not promulgated in accordance with the provisions of the Oklahoma Administrative Procedures Act, 75 O.S. § 251 *et.seq.*

The two state cases that have addressed this issue are likewise distinguishable. In *Enron Oil and Gas Company v. State*, 871 P.2d 508 (Utah 1994) and *Cities Service Oil and Gas Corporation v. State*, 838 P.2d 146 (Wyo.1992) the leases contained "federal floor" provisions, which stated that the state may not be paid less royalty than received by the United States in the same field. The Wyoming and Utah Supreme Courts, when faced with these lease provisions, determined that the state should receive royalties on tax reimbursements because the federal lands in the same field received those royalties. The leases at issue in the present case do not contain "federal floor" provisions.

Consequently, because the leases and regulation in question do not provide for royalty on taxes paid by the gas purchaser, the CLO is not entitled to additional royalty. The summary judgment of the district court is AFFIRMED.

KAUGER, C.J., and HODGES, LAVENDER, HARGRAVE and WATT, JJ., concur.

SUMMERS, V.C.J., and OPALA, J., concur in judgment.

WILSON, J., dissents.